THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR07-0107-JCC |
| Plaintiff, | ORDER |
| v. | |
| MARTIN A. JOHN, | |
| Defendant. | |

This matter comes before the Court on Defendant Martin John's motion for early termination of supervised release (Dkt. No. 29). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.     BACKGROUND

Defendant pled guilty to two counts of sexual abuse of a minor. (Dkt. Nos. 18, 26.) In August 2007, the Court sentenced Defendant to 57 months of incarceration, followed by a lifetime term of supervised release. (Dkt. Nos. 24, 25.) Defendant began his term of supervised release in December 2010. (Dkt. No. 29 at 2.) He violated the conditions of his supervised release twice: once in 2011 and once in 2014. (Dkt. Nos. 27, 28.) Both violations resulted in the Court modifying the conditions of Defendant's supervision. (Dkt. Nos. 27, 28.)

Defendant now asks the Court to terminate his lifetime term of supervised release early

due to his age and history on supervision. (Dkt. No. 29 at 3.) The Probation Department and the Government object to early termination. (Dkt. No. 30 at 1.)

## II. DISCUSSION

The Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

Taking into consideration the above factors, the Court finds that early termination is not warranted in this case. Defendant's underlying offense involved repeatedly sexually abusing his stepdaughters for several years. (Dkt. No. 20 at 5–6.) Defendant also reported to a mental health counselor in 1988 that he had molested a girl from 1980 to 1984 when the girl was between the ages of nine and thirteen. (Dkt. No. 22 at 2.) The Court recognizes that Defendant is now 72 years old and has completed approximately ten years of supervised release with relatively few violations. (Dkt. No. 29 at 2–3.) However, in light of the nature of the underlying offense and Defendant's history of sexually abusing minors, continued supervision is warranted to deter future criminal conduct and protect the public from further crimes. Accordingly, the Court finds that early termination of supervised release would not be in the interest of justice.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of probation (Dkt. No. 29) is DENIED.

//

//

1  DATED this 11th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR07-0107-JCC
PAGE - 3